**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION AT COVINGTON**

**CRIMINAL NO. 07-61-DLB**

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

**vs.**

**DARIUS HARRIS,**                                                                     **DEFENDANT**

**REPORT & RECOMMENDATION**

**I.  Procedural Background**

On June 5, 2008 the defendant filed a motion to suppress evidence on grounds that the search warrant was facially deficient to demonstrate probable cause.  The United States filed a response to the motion on June 18, and the matter was initially set for an evidentiary hearing.  Counsel having agreed on July 2, 2008 that no hearing or further briefing was required, the matter was submitted to the undersigned magistrate judge for initial consideration and a Report and Recommendation ("R&R").  Because the four corners of the search warrant demonstrate probable cause for the resulting search, I recommend the denial of defendant's motion.

**II.  Facts**

The defendant challenges the warrant in this case solely on grounds that it was supported only by "insufficient conclusory statements" which did not satisfy the probable cause standard.  The defendant does not challenge the neutrality of the state judge who issued the warrant, or any other issue connected with the execution of the warrant.  Instead, the defendant argues that the affidavit offered in support of the warrant provided "very little information" about the reliability of the confidential sources, and insufficient information "about corroborative police efforts to support the information allegedly provided by the confidential source."

The affidavit, sworn by Detective Mike McGuffey of the Covington Police Department, is dated March 23, 2006, just four days after a March 19, 2006 murder that McGuffey was assigned to investigate. The victim was killed at his place of business at 2850 Madison Avenue in Covington, Kentucky. The affidavit seeks permission to search a nearby residence, located at 2823 Madison Avenue, for both handguns and narcotics including cocaine.

The affidavit explains that during the detective's investigation of the shooting death he learned from the surviving widow that the victim owed $800 to an unknown person for unknown reasons. The affiant states that he personally investigated two anonymous Crime Stopper tips which pointed to a subject known as "Slim" who allegedly sold drugs out of his house in the 2800 block of Madison Ave. One of the two callers went on to say that after shots were heard, the caller observed a vehicle leaving the immediate area that the caller believed to be driven by the defendant, a/k/a "Slim." The vehicle was described as a copper Pontiac sedan. During surveillance of the residence on March 20, Detective McGuffey observed the defendant operate a copper Pontiac sedan and park in front of the residence.

The affidavit also explains that police investigated the Crime Stoppers anonymous tips by bringing in the defendant for questioning. After receiving *Miranda* warnings, the defendant admitted to Detective McGuffey that he "has sold narcotics, he owns several firearms, including a 380 cal pistol, which is the same caliber of weapon used in the murder," and "that the .380 was still present in the home."

Finally, the affidavit states that at about the same time that the defendant was being interviewed by McGuffey on March 23, a second detective, Detective Lindeman, went to the residence of 2823 Madison and spoke to an individual named Amber Downs. Ms. Downs, who stated that she resided there, gave consent to enter the residence to confirm that no one else was

present.[1] During the tour, Lindeman observed Downs pick up and attempt to conceal what Lindeman believed to be cocaine on her person. Based upon this observation, Lindeman arrested Downs at approximately 8 p.m.

Relating all of the above facts, Detective McGuffey signed the affidavit in support of the warrant less than two hours later, at 9:52 p.m. Police executed the warrant at 10:30 p.m. the same evening.

### III. Conclusions of Law

#### A. The Sufficiency of the Corroborative Information

Defendant argues that the warrant was insufficient because the affidavit lacked any information concerning the reliability of the informants who provided the Crime Stopper tips. Defendant argues that the affidavit includes no information concerning "how long the officers knew the confidential informant; whether the officers dealing with him or her knew him/her to be reliable, and whether the informant had ever provided any reliable information in the past."

While true that the two tips were anonymous, this is not a case in which the warrant was issued based *solely* upon information provided by an unknown or unreliable confidential source. In *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332 (1983), the Supreme Court adopted a "totality-of-the-circumstances" test for reviewing probable cause. Upon review, a court should determine if the magistrate had a substantial basis for concluding probable cause existed, employing a practical, common sense view of the circumstances set forth in the affidavit. Here, Detective McGuffey's affidavit provided critical corroboration of the information provided by the anonymous tips, as well as additional information which standing alone would have provided

---

[1] The defendant does not challenge the validity of Ms. Downs' consent.

probable cause to issue the warrant.

The anonymous tips pointed to the defendant as being the alleged murderer and further claimed that the defendant sold drugs. One of the callers specifically reported seeing the defendant's vehicle leave the area after shots were fired. The investigating detective corroborated the information by verifying: 1) that defendant Harris drove a vehicle matching the vehicle observed leaving the scene and resided at the residence in question; 2) that Harris admitted owning multiple firearms, including the same caliber of weapon used in the murder; 3) that Harris admittedly kept the weapons in his home; 4) that Harris sold narcotics; and 5) that narcotics were at the residence on the date that the warrant was served. These corroborating facts gleaned during investigation provided a sufficient basis for issuance of the warrant. *See Gates*, 103 S.Ct. at 2335 (concluding that anonymous informant whose reliability was unknown did not provide basis for invalidating warrant where independent investigative work corroborated significant details); *United States v. Tuttle*, 200 F.3d 892, 894 (6th Cir. 2000)(holding that a warrant may be issued based upon independent corroboration by the police of information provided by an informant whose reliability is not established); *contrast United States v. Leake*, 998 F.2d 1359, 1365 (6th Cir. 1993)(warrant insufficient where information provided by anonymous tip lacked detail including name of suspects or relevant dates, and limited police investigation corroborated nothing but innocent information).

### B. The Good Faith Exception

Even if the affidavit had not itself been more than sufficient, the officers clearly acted in objectively reasonable reliance upon the warrant in executing the search. Evidence from a search warrant will not be suppressed if the officers acted in objectively reasonable reliance on a warrant issued by a detached and neutral magistrate. *See United States v. Leon*, 468 U.S. 897,

914-15 (1984).

Defendant Harris does not challenge the fact that the warrant was issued by a detached and neutral state judge but instead argues that the *Leon* good faith exception to the exclusionary rule should not apply because the affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." In support of his position, the defendant claims that the affidavit "at a minimum" required "a showing that the confidential informant was reliable."

The defendant's position arguably misreads *Gates*. *Gates* stands not for the proposition that the every *informant* must be known by police to be reliable, but instead for the proposition that the *information* itself must be sufficiently reliable. The reliability of the information can be more readily verified when the informant is known to police. However, a tip received from a wholly anonymous informant may provide grounds for the issuance of a warrant based upon sufficient independent corroboration. A warrant will not be deemed invalid if it is based upon detailed information which demonstrates probable cause, even if that detailed information was discovered only after police investigation of a vague tip from an anonymous source. Based upon the ample corroborating evidence obtained from police investigation in this case that the residence to be searched contained drugs and/or guns including the possible murder weapon, the good faith exception would apply even if the warrant itself were somehow deficient.

**C. The Search of the Basement**

In the alternative, the United States also argues that the items found in the basement would be admissible because they were discovered incident to the arrest of Amber Downs. Ms. Downs was arrested in the basement while allegedly attempting to conceal cocaine on her person. The defendant does not challenge the arrest of Ms. Downs or the warrantless search

conducted of the basement pursuant to her arrest. Though superfluous given my conclusion that the warrant itself was valid, I further conclude that the defendant's motion should be denied based upon the validity of the basement search.

### IV. Recommendation

For the reasons stated herein, **IT IS RECOMMENDED HEREIN THAT** the motion of the defendant to suppress evidence [Doc. #11] be **denied**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service or further appeal is waived. *U.S. v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within ten days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This **16th** day of July, 2008.



Signed By:
**J. Gregory Wehrman**
United States Magistrate Judge